UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BREANNA WHITLOCK, an individual<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA CAPITAL INSURANCE COMPANY, a Nevada corporation; AMERICAN BEST AGENCY, INC., a Nevada corporation; RICK SAXEN, an individual; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-01015-APG-VCF<br><br>**ORDER REFERRING CASE TO BANKRUPTCY COURT** |

On April 13, 2011, Rebecca Whitlock (the "Debtor") filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Nevada. *In re Whitlock*, No. 11-15528-LED. On December 21, 2012, Nevada Capital Insurance Company ("NCIC") filed an adversary proceeding in that bankruptcy case against both the Debtor and her daughter Breanna Whitlock ("Breanna"). *Nev. Capital Ins. Co. v. Whitlock (In re Whitlock)*, 12-01321-LED. NCIC had issued a homeowner's insurance policy to Breanna and contends that the Debtor is an additional insured under the policy (and therefore has an interest in the policy). NCIC's adversary proceeding seeks to have the policy rescinded.

On May 10, 2013, Breanna filed a lawsuit in Nevada state court against NCIC, American Best Agency, Inc. and Rick Saxen (collectively, "Defendants"). (Dkt. No. 1-2 at 3.) Breanna alleges that Defendants have not fulfilled their duties under the insurance policy issued by NCIC.

On June 7, 2013, NCIC removed that lawsuit to this court. (Dkt. No. 1.) On June 28, 2013, Breanna moved to remand the case to state court. (Dkt. No. 11.) Defendants argue that removal was appropriate because they will assert policy rescission as a defense, rescission would extinguish whatever interest the Debtor's bankruptcy estate has in the insurance policy, and therefore the bankruptcy court, at a minimum, has "related to" jurisdiction over the instant case under 28 U.S.C. § 157(c)(1).

This Court need not rule upon the motion to remand, however. Defendants base their Notice of Removal on 28 U.S.C. §§ 1331 (federal question jurisdiction), 1446 (procedure for removal of civil actions), and/or 1452(a) (removal of claims related to bankruptcy cases), Fed. R. Bankr. P. 9027 (same), and Local Rule 9027.1 (same). (Dkt. No. 1 at 1.) 28 U.S.C. § 1452(a) provides that a party may remove a claim or cause of action "to the district court for the district where such civil action is pending, if such district court has jurisdiction . . . under [28 U.S.C.] section 1334[.]" Section 1334, in turn, provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 . . . [and] original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)–(b). By local rule in this district, "[a]ll cases under title 11 and all proceedings arising under, arising in or related to a case under title 11 are referred to the bankruptcy courts for this district." Local Rule 1001(b)(1).[1]

An initial matter is whether the notice of removal of a bankruptcy-related case should be filed with the clerk of the bankruptcy court or the clerk of the district court. Fed. R. Bankr. P. 9027(a)(1) states that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed. R. Bankr. P. 9001(3) defines "clerk" as "bankruptcy clerk." Some courts have held that, taken together, these rules indicate the notice of removal should be filed with the bankruptcy clerk, not the district court clerk. *See Bank of Am., N.A. v. Brennan Title Co. (In re Donoho)*, 402 B.R. 687,

---

[1] Local Rule 1001: Title and Scope of Rules, http://www.nvb.uscourts.gov/rules-forms/rules/local-rules/1001/.

2

691–93 (Bankr. E.D. Va. 2009) (explaining the differing interpretations of Fed. R. Bankr. P. 9027).

Similarly, some courts have held that removal petitions for bankruptcy-related cases *must* be filed with the bankruptcy court if the district has a standing order of reference for bankruptcy proceedings (as Nevada does). *Braden Partners, L.P., v. Hometech Med. Servs., Inc.*, 2003 WL 223423 at *2 (N.D. Cal. 2003) ("Where local rules provide that all bankruptcy proceedings . . . are referred to the Bankruptcy Court, removal applications must be directed to the Bankruptcy Court." (citing *Lone Star Indus., Inc. v. Liberty Mut. Ins. Co.*, 131 B.R. 269, 272 (Bankr. D. Del. 1991) ("[I]n this jurisdiction all Title 11 proceedings are automatically referred to the United States Bankruptcy Court . . . and removal applications are properly filed in the bankruptcy court."))); *Roberts v. Bisno (In re Bisno)*, 433 B.R. 753, 756–57 (Bankr. C.D. Cal. 2010) ("[T]he proper place for Bisno to file his notice of removal in the [state court] action was with the clerk . . . of the Bankruptcy Court[.]"); *Jeffries v. Bar. J. Forest Prods., Inc. (In re Jeffries)*, 191 B.R. 861, 863 (Bankr. D. Or. 1995) ("In Oregon, the notice of removal is automatically referred to the bankruptcy court by the federal district court pursuant to standing orders . . . ."); *see In re Donoho*, 402 B.R. at 691–93.

Neither this Court nor the Ninth Circuit Court of Appeals has issued controlling authority on this precise issue—whether Fed. R. Bankr. P. 9027(a)(1) merely permits or requires removal directly to the bankruptcy court.[2] For the present case, however, this Court need not decide this question because even if the Notice of Removal should have been filed in the bankruptcy court, this Court has the power under Local Rule 1001(b)(1) to refer the case to the bankruptcy court. Bankruptcy judges are in the best position to determine issues of bankruptcy court jurisdiction in

---

[2] At least once, this Court has remanded a bankruptcy-related case on the grounds of mandatory abstention under 28 U.S.C. § 1334(c)(2). *Weinstein v. Village Oaks Mortg. LLC*, 2010 WL 1924744 at *1 (D. Nev. 2010). It is doubtful, however, that mandatory abstention applies here because there is no parallel state court proceeding and Breanna commenced the state court case after the Debtor filed her bankruptcy petition. *Schulman v. Cal. (In re Lazar)*, 237 F.3d 967, 981–82 (9th Cir. 2001); *see Taxel v. Commercebank (In re World Fin. Servcs. Cntr., Inc.)*, 64 B.R. 980, 988–90 (Bankr. S.D. Cal. 1986).

the first instance. *See In re Kieslich*, 216 B.R. 643, 643 (D. Nev. 1998). Here, that is especially relevant because the adversary proceeding NCIC filed in the bankruptcy court raises many of the same issues as the motions pending in this Court.

This referral procedure does not conflict with 28 U.S.C. § 1452(a), which provides that a party may remove a claim or cause of action to the *district court*. The practical result of this referral is that it is as if the Notice of Removal had been directly filed in bankruptcy court, a practice which is certainly allowed (whether mandatory or not) under Fed. R. Bankr. P. 9027(a)(1) and which does not place the removed action outside of the district court. Because bankruptcy court is a "unit of the district court" and bankruptcy judges are "judicial officer[s] of the district court," 28 U.S.C. § 151, "removal of a claim or cause of action directly to the bankruptcy court is the 'functional equivalent' of removal to the district court." *In re Donoho*, 402 B.R. at 692 (citation omitted).

Accordingly, the Court hereby refers this case to the Bankruptcy Court for the District of Nevada under Local Rule 1001(b)(1). *See Braden Partners*, 2003 WL 223423 at *2 ("Where an application for removal in a bankruptcy-related case is incorrectly filed with the clerk of the district court rather than the bankruptcy court, the district court is authorized under the Bankruptcy Code to refer the case to the bankruptcy judges of the same district.").

The Bankruptcy Court shall rule as appropriate on the pending motions to remand (Dkt. No. 11) and to dismiss (Dkt. No. 7).

Dated: August 6, 2013

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE